**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

               Plaintiff,

v.

Rodolfo Anguiano, Jr.,

               Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-135(1) ADM/DTS

___

David P. Steinkamp, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

John J. Leunig, Esq., The Law Office of John J. Leunig, Minneapolis, MN on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Rodolfo Anguiano, Jr.'s ("Anguiano") Motion for Release on Conditions [Docket No. 69]. Anguiano asks the Court to revoke the current Order of Detention [Docket No. 24] and release him on an unsecured bond with conditions. Plaintiff United States of America (the "Government") opposes the Motion. See Response [Docket No. 91]. For the reasons set forth below, Anguiano's Motion is denied.

## II. BACKGROUND

On May 10, 2017, United States Magistrate Judge Katherine M. Menendez held a hearing on the Government's motion for an order to detain Anguiano. See Min. Entry, May 10, 2017 [Docket No. 15]. At that time, Anguiano was charged by Complaint [Docket No. 1] with Conspiracy to Distribute More than 500 Grams of Methamphetamine. He has since been indicted by a grand jury. See Indictment [Docket No. 28]. Based upon the evidence provided in

the report of Pre-Trial Services and the evidence presented at the hearing, Judge Menendez concluded that Anguiano presents a flight risk. Judge Menendez listed the following reasons for her conclusion:

> First, the large quantity of methamphetamine involved in the offense, approximately 8 pounds, coupled with the recovery of two firearms, will result in a lengthy sentence if Mr. Anguiano is convicted, providing a strong motivation to fail to appear. Second, Mr. Anguiano appears to be a well-connected member of a large-scale drug trafficking organization that could provide extensive resources to him to assist in leaving Minnesota, and that would have a strong incentive to do so. Indeed, during the few months leading up to the hearing, Mr. Anguiano travelled back and forth to Mexico 39 times, evidenc[ing] the ease with which his removal from the court's jurisdiction could occur. Third, Mr. Anguiano's alleged use of fairly sophisticated means to monitor the security of the drugs and weapon in his possession demonstrates a willingness and ability to avoid detection, which increases the Court's concerns regarding his risk of nonappearance.

Order of Detention at 2. Accordingly, Judge Menendez ordered Anguiano be detained. Id. at 3.

Anguiano now moves for an order revoking the Order for Detention. He argues that he is not a flight risk because he has significant family ties to the United States, his numerous trips to Mexico were for recreational purposes and to take friends or relatives to the airport in Mexico, and his passport has been seized by law enforcement personnel. He also contends he should be released because he has a minimal prior record, and he was not present in his rented hotel room when police officers recovered several pounds of crystal methamphetamine and a firearm from the room. He also argues his two co-defendants have been released on unsecured bonds.

### III. DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a showing by clear and convincing evidence that no release condition or set of conditions will reasonably

assure the safety of the community, or upon a showing by a preponderance of the evidence that no condition or set of conditions will reasonably assure the defendant's appearance. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); 18 U.S.C. § 3142(c), (e)-(f). If a defendant is ordered detained by a magistrate judge, the defendant may move the district court for an order revoking the detention order pursuant to 18 U.S.C. § 3145(b). The district court must conduct a de novo review of the magistrate judge's order. United States v. Maull, 773 F.2d 1479, 1484 (8th Cir. 1985).

Upon a de novo review, the Court agrees with Judge Menendez that for the reasons stated in the Order of Detention, no set of conditions will reasonably assure Anguiano's appearance in court. Additionally, the Government has shown by clear and convincing evidence that no condition or set of conditions will reasonably assure the safety of the community. The record shows that law enforcement officers recovered a firearm, several pounds of methamphetamine, and Anguiano's passport in a locked armoire in Anguiano's hotel room. Hr'g Tr. [Docket No. 90] 10, 14–15. When arrested, Anguiano had a fake Drug Enforcement Agency badge. Anguiano appears to be part of a large and sophisticated drug-trafficking organization with ties to Mexico and is willing to use firearms to protect his drug trafficking activities. Thus, he is a danger to the community.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Rodolfo Anguiano, Jr.'s Motion for Release on Conditions [Docket No. 69] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 12, 2017.